IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JENNIFER PARKER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 3:23-cv-00791 |
| v. | ) | |
| | ) | Judge Eli Richardson |
| METROPOLITAN GOVERNMENT | ) | Magistrate Judge Alistair Newbern |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE, *et al.*, | ) | JURY DEMAND |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Defendant Metro Nashville") respectfully answers Plaintiff's Complaint (Doc. No. 1) and provides general and affirmative defenses as follows:

## ANSWER

1. Admitted that Plaintiff brings this lawsuit under 42 U.S.C. § 1983 and alleges that the Defendants violated her rights under the Fourth Amendment. Denied that Plaintiff's constitutional rights or other state or federal rights were violated or that she is entitled to the relief requested or to any other relief in general.

2. Admitted upon information and belief that Plaintiff is a resident of Davidson County, Tennessee.

3. Admitted that Defendant Metro Nashville is a municipal government organized under the laws of the state of Tennessee.

4. Denied that Defendant Mark Sells ("Defendant Sells") is a resident of Rutherford County. Admitted that Defendant Sells was an arson investigator with the

Nashville Fire Department ("NFD") during the times relevant to the Complaint. It is admitted that NFD is Defendant Metro Nashville's municipal fire department.

5. Jurisdiction and venue are admitted.

6. Admitted that Defendant Sells was a Fire Arson Investigator with NFD beginning June 2013. Admitted that Defendant Sells resigned from NFD and that his last date of employment was February 8, 2022.

7. Admitted that Defendant Sells worked as a fire investigator with other Tennessee municipalities before joining NFD. Admitted that Defendant Sells operated a private fire investigation company while employed with NFD, though Defendant Metro Nashville lacks sufficient information or knowledge to state exactly when Defendant Sells operated the private fire investigation company.

8. Admitted that Defendant Sells was employed as a firefighter by the Lavergne Fire Department from 1995—1999.

9. Admitted that Defendant Sells was employed as a firefighter by the Lavergne Fire Department from 1995—1999.

10. Admitted that Defendant Sells was an assistant fire marshal with the Franklin Fire Department from 1999—2002. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

11. Admitted that Defendant Sells was a fire investigator at the Knox County Fire Department from 2002—2006. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

12. Admitted that Defendant Sells was employed as a private investigator by EFI Global in Franklin, Tennessee, from 2008—2012.

13. Admitted.

14. Admitted that Defendant Sells was a Fire Arson Investigator with NFD beginning in 2013. Admitted that Defendant Sells operated Firetrak Investigations during his employment with NFD, though Defendant Metro Nashville does not know the exact dates Defendant Sells operated this company. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

15. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

16. Admitted that Plaintiff is a 46-year-old mother. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

17. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny whether Plaintiff has two living grown daughters; therefore, this allegation is denied. Admitted that Plaintiff's daughter, Kalissa, passed away on January 27, 2018, and that the Medical Examiner who performed Kalissa's autopsy opined the cause of death was "complications of thermal injuries and inhalation of products of combustion." It is denied that Kalissa died by suicide by setting herself on fire.

18. Admitted that Plaintiff's home on the date of the fire (January 27, 2018) was a two-story house in a residential area in Nashville, Tennessee. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, those allegations are denied.

19. Denied that Kalissa died by suicide. Admitted that at the time of Kalissa's death, Plaintiff had custody of her 4-year-old granddaughter, K.W. Defendant Metro

Nashville lacks the information and knowledge necessary to admit or deny the remaining allegations in this paragraph; therefore, those allegations are denied.

20. Denied that Kalissa committed suicide. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

21. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

22. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

23. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

24. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

25. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

26. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

27. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

28. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

29. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

30. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

31. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

32. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

33. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

34. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

35. Admitted that Kalissa turned 18 years old on January 4, 2018. Defendant Metro Nashville lacks sufficient information or knowledge necessary to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

36. Admitted that law enforcement obtained letters written by Kalissa but denied Plaintiff's characterization of those letters. Defendant Metro Nashville lacks sufficient information to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

37. Denied that Kalissa committed suicide. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

38. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

39. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

40. Admitted that on January 27, 2018, Plaintiff, Kalissa, and K.W. were at Plaintiff's home in Nashville, Tennessee.

41. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

42. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

43. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

44. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

45. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

46. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

47. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

48. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

49. Admitted the Medical Examiner who performed Kalissa's autopsy opined the cause of death was "complications of thermal injuries and inhalation of products of combustion."

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted that Defendant Sells completed an NFD report identifying the "Cause of ignition" as "cause undetermined after investigation," and the "Factors contributing to ignition" as "undetermined." Defendant Metro Nashville lacks the information or knowledge necessary to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

57. Admitted.

58. Admitted.

59. Admitted that Plaintiff participated in an interview with MNPD investigators on January 30, 2018, and gave her version of events as to what happened on January 27, 2018. Denied that Plaintiff explained what happened.

60. Admitted that Olson Parker, Kalissa's father, participated in an interview with MNPD investigators on February 1, 2018. Admitted that Mr. Parker acknowledged Kalissa's mental health issues during this interview. The remaining allegations in this paragraph are denied.

61. Admitted that NFD investigator Fred Page interviewed neighbors. The remaining allegations in the paragraph are denied.

62. Admitted that MNPD investigators conducted a recorded interview of Richard Baskeyfield, a man who had been with Kalissa two days before her death. Admitted that Mr. Baskeyfield took his friend to the hospital because of a drug overdose and that Kalissa was present. Denied that the Mr. Baskeyfield described Kalissa to MNPD investigators as completely lacking in empathy for his friend. Admitted that Mr. Baskeyfield's friend died from the overdose.

63. Admitted.

64. Admitted that on February 8, 2018, the TBI Crime Lab provided a report with the results of testing from various samples of carpet and furniture fabric from Plaintiff's

home. Admitted that analysis of three of the samples "did not reveal the presence of any ignitable liquid residue," two of the samples "revealed the presence of terpenes," and one of the samples "revealed the presence of acetone." Admitted that analysis of the cotton balls with fluid from the tiki torch container found in Plaintiff's garage "revealed the presence of an isoparaffin product."

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted that on February 13, 2018, an MNPD detective obtained a search warrant to access the contents of two cell phones. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

69. Admitted.

70. Admitted.

71. Admitted that on February 15, 2018, Defendant Sells submitted additional samples to the TBI for analysis, including additional samples from the staircase, carpet from the living room, and carpet and padding from Kalissa's bedroom.

72. Admitted, with the caveat that the samples of burned fabric from bedding in Kalissa's bedroom "did not reveal the presence of any ignitable liquid residue."

73. Admitted that on February 28, 2018, MNPD Detective Branum entered property reports logging the collection and preservation of, among other things, "me photos," marijuana roaches, a glass pipe, and a journal with multiple letters.

74. Admitted that MNPD and NFD investigators had concerns about the credibility of Plaintiff's explanation that Kalissa set herself on fire and that they continued to investigate the case.

75. Denied.

76. Admitted.

77. Admitted that an MNPD investigator conducted a recorded interview with Isaah Aristide on March 12, 2019. It is admitted that Aristide stated that he believed Kalissa had set herself on fire and had been involved with drug use and prostitution. All remaining allegations in this paragraph are denied.

78. Admitted.

79. Admitted that search warrants were executed for Kalissa's social media accounts. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

80. Admitted, with the caveat that the TBI Crime Lab report referenced in this paragraph was issued on February 18, 2020.

81. Admitted that in a report completed on April 1, 2021, MNPD investigators initially classified Kalissa's death as a suicide. It is denied that MNPD's investigation was ever closed. The remaining allegations in this paragraph are admitted.

82. Denied.

83. Admitted that Defendant Sells testified to the Grand Jury on September 22, 2021. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

84. Admitted that the Medical Examiner's report opined that Kalissa's cause of death was "complications of thermal injuries and inhalation of products of combustion" and no other potential causes of death were identified. Defendant Metro Nashville lacks sufficient information to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

85. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

86. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

87. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

88. Admitted that, during an interview with an MNPD detective on March 12, 2019, Isaah Aristide stated he believed Kalissa committed suicide by setting herself on fire. Denied that Mr. Aristide gave an "account of Kalissa's acute mental deterioration during the period before her death." Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

89. Admitted that TBI latent fingerprint testing revealed both Plaintiff's and Kalissa's fingerprints on the tiki torch fluid bottle. Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

90. Admitted that NFD took photos of the scene, including the upstairs hallway. Denied that these photos showed fire patterns and hand-slide patterns indicative of a moving, burning body. Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

91. Defendant Metro Nashville lacks sufficient information to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

92. Admitted that the TBI Crime Lab report of February 8, 2018, states the staircase sample included in NFD's first set of submissions "did not reveal the presence of any ignitable liquid residue." Admitted that the same report states that cotton balls with the tiki torch fluid "revealed the presence of an isoparaffin product." Admitted that the TBI

Crime Lab report of February 23, 2018, states that one staircase sample "did not reveal the presence of any ignitable liquid residue," analysis of another staircase sample "revealed the presence of terpenes," and analysis of two staircase samples "revealed the presence of an isoparaffin product." Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

93. Admitted that the TBI Crime Lab tested a total of six samples from Kalissa's bedroom. Admitted that analysis of three of these samples "did not reveal the presence of any ignitable liquid residue," analysis of two samples "revealed the presence of terpenes," and analysis of one sample "revealed the presence of an isoparaffin product." Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

94. Admitted that there was fire damage to a downstairs sectional couch. Denied that this evidence made it clear that there had also been a fire damage the downstairs area between the garage and the staircase. Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

95. Defendant Metro Nashville lacks sufficient information to admit or deny allegations in this paragraph; therefore, the allegations are denied.

96. Defendant Metro Nashville lacks sufficient information to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

97. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

98. Denied that Defendant Sells's was responsible or had a process for getting the case against Plaintiff docketed with the grand jury. Defendant Metro Nashville lacks

{N0565876.2}                                         11

Case 3:23-cv-00791    Document 15    Filed 10/04/23    Page 11 of 17 PageID #: 63

sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

99. Admitted.

100. Admitted that on September 23, 2021, MNPD Sgt. Robert Nielsen entered a property report logging the preservation of the recorded interviews with Richard Baskeyfield and Isaah Aristide. The remaining allegations in this paragraph are denied.

101. Admitted that on September 29, 2021, the Grand Jury indicted Plaintiff on felony Aggravated Arson and Aggravated Child Endangerment. Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

102. Admitted that Plaintiff was arrested on October 1, 2021, and that her bond was set at $100,000. Defendant Metro Nashville lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; therefore, the allegations are denied.

103. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

104. Admitted.

105. Admitted that on October 7, 2021, Plaintiff, through her counsel, filed a motion to reduce her bond to $10,000. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph; therefore, the allegations are denied.

106. Admitted that a hearing on Plaintiff's bond motion occurred on October 13, 2021. It is admitted that Plaintiff's mother testified on Plaintiff's behalf. It is admitted that Defendant Sells was the only witness who testified for the State. The remaining allegations in this paragraph are denied.

107. Admitted that, during the bond reduction hearing, the Criminal Court Judge stated, "But what I am hearing right now, there are just a lot of holes in the case." Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

108. Admitted that on November 5, 2021, Plaintiff's bond reduction motion was denied. It is admitted that the order denying the motion states, "Here, the Court gives the greatest weight to factors (5) and (6), the Defendant's prior criminal record and the nature of the charged offense, apparent probability of conviction, and likely sentence." The remaining allegations in this paragraph are denied.

109. Admitted that Defendant Sells sought and obtained a search warrant for Plaintiff's cellphone on October 15, 2021. Admitted that the search warrant affidavit stated that, "It is believed the victim to be deceased prior to the fire after the results of the Medical Examiners report" and that the affidavit did not state that the Medical Examiner opined the cause of death was "complications of thermal injuries and inhalation of products of combustion." Admitted that the search warrant affidavit stated that Plaintiff's fingerprints were found on the Tiki Torch fluid container and did not state that Kalissa's fingerprints were found on the container. The remaining allegations in the paragraph are denied.

110. Admitted that Plaintiff remained incarcerated for approximately six weeks. Denied that NFD charged Plaintiff with a crime. Admitted that Plaintiff was released when bond was posted. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in the paragraph; therefore, the allegations are denied.

111. Admitted.

112. Admitted that Defendant Sells resigned from NFD on February 8, 2022. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in the paragraph; therefore, the allegations are denied.

113. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

114. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, the allegations are denied.

115. Admitted.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Defendant Metro Nashville reincorporates by reference its answers to paragraphs 1–119.

121. Denied that Defendant Sells initiated a criminal prosecution against Plaintiff. Admitted that Plaintiff was indicted by a grand jury for felony Aggravated Arson and Aggravated Child Endangerment. Admitted that Defendant Sells testified to the Grand Jury on September 22, 2021. Defendant Metro Nashville lacks sufficient information or knowledge to admit or deny the remaining allegations in the paragraph; therefore, the allegations are denied.

122. Denied.

123. Admitted that Plaintiff was arrested and incarcerated upon a finding of probable cause by the grand jury. Denied that Defendant Sells initiated the indictment.

124. Admitted that on December 7, 2022, the criminal prosecution against Plaintiff terminated in a *nolle prosequi* without any finding of guilt against Plaintiff.

125. Denied.

126. Denied.

127. Denied.

128. Denied that Plaintiff was falsely indicted, and it is denied that Plaintiff is entitled to any relief.

**GENERAL DENIAL**

Any facts or allegations stated in Plaintiff's Complaint not specifically admitted or denied in the prior paragraphs are hereby denied, and strict proof is demanded thereof.

**GENERAL AND AFFIRMATIVE DEFENSES**

1. Defendant Metro Nashville denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim on which relief can be granted.

2. Defendant Metro Nashville is immune from civil prosecution for this claim under the doctrine of sovereign immunity.

3. Defendant Metro Nashville did not violate any of Plaintiff's constitutional rights or other state or federal rights.

4. No act or omission of Defendant Metro Nashville was the proximate cause of any damages claimed by Plaintiff.

5. No unconstitutional practice, policy, standard operating procedure, post order, training, or custom attributable to Defendant Metro Nashville was the proximate cause of any damages claimed by Plaintiff.

6. No practice, policy, standard operating procedure, post order, training, or custom attributable to Defendant Metro Nashville was the moving force behind any violation of Plaintiff's constitutional or other rights.

7. Plaintiff is not entitled to nominal, compensatory, or punitive damages; attorney's fees; or costs.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Defendant Metro Nashville prays:

1. That this be accepted as its Answer herein;

2. That this cause be dismissed and held for naught;

3. That all costs and other reasonable fees be charged to and borne by Plaintiff;

4. That a jury hear all claims so triable; and

5. For any such other relief as this Court deems just and proper.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (BPR No. 9949)
DIRECTOR OF LAW

/s/ *Samuel D. Keen*
ALLISON L. BUSSELL (BPR No. 23538)
  ASSOCIATE DIRECTOR OF LAW
JOHN K. WHITAKER (BPR No. 39207)
  SENIOR COUNSEL
SAMUEL D. KEEN (BPR No. 33865)
ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov
john.whitaker@nashville.gov
samuel.keen@nashville.gov

*Counsel for Defendant Metropolitan Government of Nashville and Davidson County*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via CM/ECF to:

Kyle Mothershead
2901 Dobbs Ave.
Nashville, TN 37211

Dawn Deaner
1623 Haynes Meade Cir.
Nashville, TN 37207

*Counsel for Plaintiff*

And by electronic mail to:

Kevin C. Klein
1322 Fourth Ave. S.
Nashville, Tennessee 37208
kevin.klein@kleinpllc.com

*Anticipated Counsel for Defendant Mark Sells*

on the 4th day of October, 2023.

/s/ *Samuel D. Keen*
Samuel D. Keen